

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No.: 25-01159 |
| | Chapter |
| ROBERT DAMIEN FOX, | |
| Debtor. | Related: ECF 2 |

## <u>ORDER REGARDING PLAN CONFIRMATION</u>

The trustee raised two questions about confirmation of debtor Robert

Damian Fox's chapter 13 plan: (1) whether the plan properly provides

interest on the Class 1 mortgage arrearage, and (2) whether alleged

contributions from the debtor's estranged spouse must be included in the

debtor's projected disposable income. I find that the plan must be amended

to provide interest on the principal portion of the arrearage, and that the

1

U.S. Bankruptcy Court - Hawaii  #25-01159  Dkt # 26  Filed  03/31/26  Page 1 of 6

spousal contribution question does not bar confirmation.

## I.    Background

Mr. Fox represents that he and Ms. Cecilia Ybanez Bunghanoy-Fox are legally married and living in the same house but are estranged.[1] Ms. Bunghanoy Fox was also a chapter 13 debtor in this court.[2]

The trustee objected to Mr. Fox's plan on the grounds that the Class 1 mortgage creditor, Bank of Hawaii (BOH), filed a proof of claim using an outdated form that did not separate the principal balance and prepetition arrearage. The trustee argued that clarification is needed to determine whether the plan is adequately funded.

The trustee also objected on the basis that the separate budgets of Mr. Fox and Ms. Bunghanoy-Fox both provided for full payment of the mortgage. The trustee argued that if Ms. Bunghanoy-Fox pays $851.40 each month to Mr. Fox, that contribution may affect Mr. Fox's applicable commitment period and projected disposable income.

---

[1] ECF 18.
[2] Case No. 24-00700.

U.S. Bankruptcy Court - Hawaii   #25-01159   Dkt # 26   Filed  03/31/26   Page 2 of 6

Counsel for Mr. Fox and Ms. Bunghanoy-Fox responded that Ms. Bunghanoy-Fox does not pay the mortgage but instead sometimes pays $851.40 per month in rent to Mr. Fox, and that she has fallen behind on those payments.[3] He further asserted that, because those payments are speculative and irregular, they are not included in Mr. Fox's "projected disposable income."

The trustee's supplemental memorandum requested a declaration detailing payments Mr. Fox received from Ms. Bunghanoy-Fox during the 180-day prepetition and postpetition periods. He stated that if the amounts are zero or negligible, the issue may be moot.[4]

After all of the memoranda were filed, the court dismissed Ms. Bunghanoy-Fox's chapter 13 case because she did not make her plan payments.

## II. Discussion

### a. Interest on Bank of Hawaii's Class 1 Claim

---

[3] ECF 19.

[4] ECF 24.

U.S. Bankruptcy Court - Hawaii  #25-01159  Dkt # 26  Filed  03/31/26  Page 3 of 6

The trustee objected to Mr. Fox's plan on the basis that it provides for zero percent interest on Class 1 creditor BOH's claim.[5]

Under § 1322(e), the amount necessary to cure a default is determined by the underlying agreement and applicable nonbankruptcy law. Under Hawaii law and the standard form of mortgage note, interest accrues on the portion of an arrearage consisting of principal.[6] Therefore, a cure and maintenance plan may not provide for 0.00% interest on the principal portion of the prepetition arrears. If Mr. Fox is agreeable to amend the plan to provide for interest at the contract rate on the principal portion of the prepetition arrearage, the court would enter an order confirming the plan with that modification.

The trustee also pointed out that BOH initially used an outdated mortgage proof of claim form that did not separately identify the principal portion of the prepetition arrearage. BOH has now filed an amended claim

---

[5] While Mr. Fox takes issue with the trustee objecting to BOH's error, the trustee is correct that he has an independent statutory duty to ensure that the plan is properly administered and that it does not contain impermissible provisions. Clarification of the arrearage components is necessary to determine whether the plan provides adequate funding. 11 U.S.C. § 132(b)(1).
[6] *In re Silla*, No. 21-01032 (Bankr. D. Haw. Jan. 26, 2022).

4

using the correct form that does specify the principal portion of the arrears.

### b. Contributions from Ms. Bunghanoy-Fox

The trustee raised concerns regarding whether Ms. Bunghanoy-Fox, rather than Mr. Fox, is making some or all of the mortgage payments that Mr. Fox claims as an expense in his budget, or whether Mr. Fox receives rental income from Ms. Bunghanoy-Fox. Mr. Fox has filed a declaration stating that he pays the entire mortgage on the shared residence and that Ms. Bunghanoy-Fox is delinquent in her obligation to pay rent to him.[7] The only contrary evidence is the budget that Ms. Bunghanoy-Fox filed in her chapter 13 case stating that she does pay that amount of rent.[8] But the court has just dismissed Ms. Bunghanoy-Fox's chapter 13 case due to her failure to maintain plan payments.[9] Ms. Bunghanoy-Fox's inability to make her plan payments means that her budget is unrealistic and unreliable.

Thus, the only credible evidence is Mr. Fox's declaration under penalty of perjury that Ms. Bunghanoy-Fox is not paying rent to him. (His

---

[7] ECF 18 at 3.
[8] Case No. 24-00700, ECF 3 at 34.
[9] Case No. 24-00700, ECF 60.

U.S. Bankruptcy Court - Hawaii  #25-01159  Dkt # 26  Filed  03/31/26  Page 5 of 6

lawyer states that her payments were inconsistent, unreliable, and often not made, but these statements are unsworn and inadmissible.[10])

## III.   Conclusion

The trustee's objection regarding interest on BOH's Class 1 arrearage claim is well taken. The plan must provide for interest at the contract rate on the principal portion of the arrearage as discussed above. If Mr. Fox agrees to that provision, the parties may submit an order providing for that modification. If he does not, the court will enter an order denying confirmation of the plan and providing that the court will dismiss the case unless, within 14 days of entry of that order, Mr. Fox files an amended plan or converts the case to chapter 7.

The trustee's objection regarding contributions from Ms. Bunghanoy-Fox is overruled.

**END OF ORDER**

---

[10] ECF 19; *see* Fed. R. Bankr. P. 9011(b)(3) (requiring that factual contentions must have evidentiary support).

U.S. Bankruptcy Court - Hawaii   #25-01159   Dkt # 26   Filed  03/31/26   Page 6 of 6